## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Arnette Construction
and Development Co.

v.

James Fox and Sons, Inc.

April 26, 1985

Case No. Ch-4536

By JUDGE EDWARD W. HANSON, JR.

The matter having been submitted to Richard D. Guy, as Commissioner in Chancery, by Decree of Reference dated June 22, 1984, the matter having been heard by Mr. Guy on September 24, 1984, October 1, 1984, and October 29, 1984, counsel having submitted memoranda to the commissioner following the hearings, the commissioner having filed his report on March 8, 1985, counsel for Fox having filed his exceptions on March 18, 1985, the exceptions having been heard on April 9, 1985, and memoranda having been filed by counsel with the court, the court must rule on the exceptions.

After his examination of the rather lengthy transcript, which the court has also read, the commissioner incorporated in his decision the motion to strike made by counsel for Arnette. The commissioner decided that should Arnette's motion with regard to Fox's back charges be denied by him, or by the court, then Arnette should be entitled to further hearing on the evidence. The commissioner then encompassed his ruling on Arnette's motion in his decision on the evidence, upholding Arnette in part and denying in part.

In paragraph 16 of his report, the commissioner explains in a well-worded and logical approach the reasoning leading to his decision. He discusses each back charge raised by Fox, summarizes the evidence presented, and

makes his ruling. He pointedly refers to the "complete absence of testimony of independent experts," an absence also noted by the court. It became the commissioner's difficult task of resolving the evidence without any expert opinion. From his well-written opinion, it appears that he obviously did so thoroughly. It is also obvious that he ruled based on all of the evidence before him. For that reason, the court will treat the commissioner's report as final, and rendered after all evidence had been presented. With this in mind, there is no necessity for the presentation of any further evidence, nor does the issue of a re-referral need to be addressed.

The matter having been fully tried before the commissioner, the one issue now properly before the court is that of the effect to be given his report. Va. Code, Section 8.01-610 provides that the report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence.

The Supreme Court of Virginia has addressed the question of the weight to be given a commissioner's report in several decisions, interpreting § 8.01-610 and its predecessors. In *Surf Realty v. Standing*, 195 Va. 431, 78 S.E.2d 901 (1953), a case arising from the Circuit Court of Princess Anne County, the Court stated that the report of a commissioner based upon evidence taken in his presence, while not entitled to the weight given the verdict of a jury on conflicting evidence, is entitled to great weight and should not be disturbed unless its conclusions are unsupported by the evidence. In *Strauss v. Princess Anne Marine*, 209 Va. 217, 163 S.E.2d 198 (1968), the court said "while the report of a commissioner in chancery does not carry the weight of a jury's verdict, it should be sustained unless it plainly appears, upon a fair and full review, that his findings are not supported by the evidence." And in *Hudson v. Clark*, 200 Va. 325, 106 S.E.2d 133 (1958), the court said that:

> [I]t is established in Virginia that the conclusions of a commissioner, where the evidence has been taken in his presence, should be sustained unless it plainly appears, upon a fair and full review, that the weight of the evidence

> is contrary to his findings. Although the trial court is given power of review over his findings, it cannot arbitrarily disturb the report, if it is supported by sufficient proof.

The report, as previously noted, was thorough in its coverage of the evidence and logical in its reasoning. The commissioner discussed every item raised by Fox as a back charge. To disturb the commissioner's report, on the facts and the law, would, in the court's opinion, be contrary to the law in Virginia.

Accordingly, the court having ruled that the commissioner has heard the matter in its entirety, the court does affirm the report.